# United States District Court
## District of Rhode Island

UNITED STATES OF AMERICA
v.
**ALDRIN DIAZ**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **1:00CR00075-01L**

**Scott Lutes, Esq.**
Defendant's Attorney

**THE DEFENDANT:**

[ ] pleaded guilty to count(s): ___
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[✔] was found guilty on count(s) 1 of the Indictment after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 922 (g)(1) | Felon in Possession of a Firearm | 01/28/00 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).

[ ] Count(s) dismissed on motion of the United States: ___

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 08/07/69

Defendant's USM No.: 04890-070

Defendant's Residence Address:
**113 Colfax Street**
**Apartment 3**
**Providence, RI 02905**

Defendant's Mailing Address:
**113 Colfax Street**
**Apartment 3**
**Providence, RI 02905**

03/13/01
Date of Imposition of Judgment

Signature of Judicial Officer

**RONALD R. LAGUEUX**
**United States District Judge**
Name & Title of Judicial Officer

3/15/01
Date

Attest to True Copy
DAVID A. DiMARZIO

RECEIVED
2006 NOV 20
U.S. MARSHAL'S OFFICE
DISTRICT OF

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 months to be served consecutively to the state sentence defendant is now serving .

[ ] The court makes the following recommendations to the Bureau of Prisons:

[✔] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

______________________________

______________________________

______________________________

Defendant delivered on November 14, 2006 to USP Hazelton

at Bruceton Mills, WV, with a certified copy of this judgment.

Joe D. Driver, Warden
~~UNITED STATES MARSHAL~~

By [signature] 150
Deputy ~~United States Marshal~~

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[✔] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special conditions:

The defendant shall participate in and satisfactorily complete a program approved by the United States Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse.

The defendant shall participate in and satisfactorily complete a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

CASE NUMBER: 1:00CR00075-01L
DEFENDANT: ALDRIN DIAZ



# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | $0.00 | $0.00 |

[ ] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| TOTALS: | | | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement. $_________

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ ] the interest requirement is waived for the [ ] fine and/or [ ] restitution.

[ ] the interest requirement for the [ ] fine and/or [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

CASE NUMBER: 1:00CR00075-01L
DEFENDANT: ALDRIN DIAZ



# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [✔] Lump sum payment of $100.00 due immediately

[ ] not later than _, or
[ ] in accordance with [] C, [] D, or [] E below; or

B [ ] Payment to begin immediately (may be combined with [] C, [] D, or [] E below); or

C [ ] Payment in _ installments of $_ over a period of _, to commence _ after the date of this judgment; or

D [ ] Payment in _ installments of $_ over a period of _ , to commence _ after release from imprisonment to a term of supervision; or

E [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3 )restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

CASE NUMBER: 1:00CR00075-01L
DEFENDANT: ALDRIN DIAZ



# STATEMENT OF REASONS

[ ] The court adopts the factual findings and guideline application in the presentence report.

OR

[✔] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

**Court determines that the defendant qualifies for obstruction of justice under Section 3C1.1 of the sentencing guidelines.**

Guideline Range Determined by the Court:

Total Offense Level: 20

Criminal History Category: VI

Imprisonment Range: 70 to 87 months

Supervised Release Range: 2 to 3 years

Fine Range: $ 7,500.00 to $ 75,000.00

[✔] Fine is waived or is below the guideline range, because of inability to pay.

Total Amount of Restitution: $ 0.00

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offences committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

## STATEMENT OF REASONS

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

[✔] The sentence departs from the guideline range:

[ ] upon motion of the government, as a result of defendant's substantial assistance.

[✔] for the following specific reason(s):
**Court departs upward because this is not a typical case. Court bases this upward departure on Application Note 16 of 2K2.1. An upward departure may be warranted if the offense posed a substantial risk of death or bodily injury to multiple individuals. Also, Section 5k2.1 states that if death resulted the sentence may be increased above the authorized guideline range.**

MARCH 3, 2001- MORNING SESSION LAGUEUX, J.

CR. 00-75L UNITED STATES OF AMERCIA v. ALDRIN DIAZ

THE COURT: The first thing I'll do is make the appropriate guideline calculations and then I will ask counsel to argue what the appropriate sentence should be, and give the defendant his right of allocution.

The presentence report calculates the total offense level at 18. This is done by using the base offense level for the crime which is possession of a firearm by a convicted felon at level 14, then the presentence report adds 4 points because of the guideline which provides that if the defendant used or possessed the firearm in connection with another felony offense, 4 points is to be added. He clearly possessed this firearm in connection with another felony offense, in fact, multiple felony offenses. He assaulted a number of people with this firearm by holding this crowd at bay with the firearm and cocking the firearm ready to fire. It's a wonder somebody wasn't killed at that point. That's the charge that's pending in state court, the primary charge that's pending in state court. So that 4 level increase is justified. That brings it to 18.

The defendant wants to get a 2 level reduction for acceptance of responsibility. His attempt at securing acceptance of responsibility comes too late, and there's too little in it to justify giving him acceptance of responsibility. He lied to the police immediately claiming he had no firearm in his possession, and then when it came time for trial he admitted that he had the firearm but tried to claim that it was necessary for him to brandish that firearm because of fear of bodily harm to himself and to his women companions, and he testified to that effect in court. I'm satisfied that he lied from the witness stand. He committed perjury.

I believe the testimony of Christa Calder that he had threatened her with this firearm previously, put it right to her head in their apartment, but then she left and went to Maine and left the firearm behind, so he had it in his possession while in the apartment, his apartment, and then when she returned and they made up, and they went out that evening, he got his girls to come with them, and he's the one who put the firearm in the glove compartment. He testified that he knew nothing about the firearm in the glove compartment. An out

and out lie. I believe the testimony of Calder that he wanted to bring it into the nightclub, but he didn't because they had a magnatometer, and I believe the testimony of Christa Calder that when this altercation took place he was the aggressor, and that he asked for the firearm from Calder, and she threw it to him. That's when he brandished it and cocked it.

So his letter to the Court attempting to accept responsibility is full of the same lies, and there's no acceptance of responsibility whatsoever for his conduct. So he's not entitled to 2 points for acceptance of responsibility. And, in fact, the Court adds 2 points for obstruction of justice.

That brings the calculation to 20 for the total offense level as properly calculated. His criminal history category is 6, which is the maximum under the guidelines. That underrepresents his criminal history. He's been a criminal since the age of 13, a drug user, a car thief, a burglar, and that has continued. He has spent most of his adult life at the ACI, and if there were a higher category under the guidelines, he would be in it, but there isn't. So that underrepresents his criminal history. Therefore, I add two points to the offense level to

reflect the lack of full appreciation of his criminal history by the guidelines. So that leads to a total offense level of 22 with a criminal history category 6. That produces a guideline range of 84 to 105 months. That's not the end of the matter. I have the discretion in this case to depart upward, and I plan to depart upward.

Let me say first of all that I don't accept the Government's argument that I should operate under the felony murder guideline. In my way of thinking, the felony murder guideline is not appropriate in this case, but I plan to depart upward. I will tell you why the felony guideline is not applicable. It is because the guideline explicitly states that the defendant had to possess or use the firearm in connection with the commission of another offense, and it infers that he must have been involved in the resulting death. He was not involved, personally involved, in the resulting death. He started the sequence of events which lead to the unfortunate death of Officer Young, and under that guideline, I think that he has to be directly responsible for the resulting death, and that can only occur if he caused the death directly, or it was caused by someone else who was involved as a

co-conspirator, or involved in the same criminal undertaking.

It's interesting to note, although it's not noted in the presentence report, that he was originally charged in the state court for felony murder, and the Attorney General dropped that charge. I'm satisfied from my years as a state judge, having dealt with probably two dozen murder cases, that this is not a felony murder case. So I'm satisfied that the Government's argument is not applicable, but I am satisfied that I can depart upward. I can depart upward based on two guidelines.

First of all, this is not a heartland case. This is not a typical case under the possession of a firearm by a convicted felon guideline. This is much more. This is a case where the defendant brandished that firearm, threatened people with it, cocked it and was ready to fire. Just a little action on the trigger would have caused the bullet to be ejected toward a crowd of people and someone could have been killed.

Application of note 16 of 2(k)2.1 calls for an upward departure in such a case. An upward departure may be warranted if the offense posed a

substantial risk of death or bodily injury to multiple individuals. That's exactly this case. That's exactly this situation. He had a firearm cocked and pointed, thus posing a substantial risk of death or bodily injury to a multitude of individuals who were out in front of that restaurant that night. So that gives me grounds for an upward departure.

Also, Section 5(k)2.1 indicates that if there is death resulting, the sentence may be increased above the authorized guideline range. Although he can't be charged for felony murder, in my view, he set in motion a whole series of events which ultimately led to the death of Officer Young. If he hadn't drawn that pistol, if he hadn't brandished that firearm, Officer Young would be alive today. The police officers would not have drawn their weapons. Officer Young undoubtedly would not have drawn a weapon. This whole tragedy would have been avoided. So there's a basis for upward departure. The only question I have is how far up should I depart? I'll hear from the Government and the defendant's counsel on that, and I'll hear from the defendant if he wishes to exercise his right of allocution.

THE COURT: Under the guidelines, I have a perfect justification for departing upward as I've already indicated, and I will depart upward, and I would depart upward beyond the statutory maximum if I had that power. The statutory maximum is 120 months, 10 years, and that's the sentence I impose. 10 years in federal prison to be served consecutively to any sentence he's now serving in the state system. And when he comes out of federal prison, he'll be on supervised release for three years. I'm going to add two conditions to his supervised release. Number 1, that he participate as directed in a program of mental health treatment approved by the probation office. Secondly, that he participate in an inpatient or outpatient program approved by the U.S. Probation Department for substance abuse which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. I have to impose also a $100 special assessment. That's the sentence of the Court.

The defendant has a right to appeal his conviction. He has a right to appeal this sentence. I notify him of that right. If he wants to appeal, and he doesn't have the funds to appeal, he can apply to the Court to appeal in forma pauperis.

# United States District Court
## District of Rhode Island

UNITED STATES OF AMERICA
v.
**ALDRIN DIAZ**

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **1:00CR00075-01L**

**Date of Original Judgment:** 03/13/01
(or Date of Last Amended Judgment)

**George J. West, Esq.**
Defendant's Attorney

**Reason for Amendment:**
[✔] Correction of Sentence on Remand (Fed. R. Crim. P. 32(a))
[] Reduction of Sentence for Changed Circumstance (Fed. R. Crim. P. 35(b))
[] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))
[] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
[] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
[] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
[] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
[] Direct Motion to District Court Pursuant to:
[] 28 U.S.C. § 2255, [] 18 U.S.C. § 3559(c)(7), or
[] Modification of Restitution Order

## THE DEFENDANT:

[ ] pleaded guilty to count(s): ___.
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[✔] was found guilty on count(s) **I of the Indictment** after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 922(g)(1) | Felon in Possession of a Firearm | 01/28/00 | I |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).

[ ] Count(s) dismissed on motion of the United States: ___.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 08/07/69
Defendant's USM No.: 04890-070

Defendant's Residence Address:
**113 Colfax Street**
**Apartment 3**
**Providence, RI 02905**

Defendant's Mailing Address:
**113 Colfax Street**
**Apartment 3**
**Providence, RI 02905**

09/23/02
Date of Imposition of Judgment

Ronald R. Lagueux
Signature of Judicial Officer

**RONALD R. LAGUEUX**
**Senior United States District Judge**
Name & Title of Judicial Officer

9/27/02
Date

Attest to True Copy
DAVID A. DIMARZIO
Deputy Clerk

CASE NUMBER: 1:00CR00075-01L
DEFENDANT: ALDRIN DIAZ



# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 months .

**On Count I to be served consecutively to state sentences now being served by the defendant.**

[ ] The court makes the following recommendations to the Bureau of Prisons:

[✔] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

Defendant delivered on November 14, 2006 to USP Hazelton at Bruceton Mills, WV, with a certified copy of this judgment.

Joe D. Driver, Warden
~~UNITED STATES MARSHAL~~

By [signature] ISO
~~Deputy United States Marshal~~

CASE NUMBER: 1:00CR00075-01L
DEFENDANT: ALDRIN DIAZ

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[✓] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special conditions:

The defendant shall participate in a program approved by the U.S. Probation Department for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.

The defendant shall participate as directed in a program of mental health treatment approved by the U.S. Probation Department.

CASE NUMBER: 1:00CR00075-01L
DEFENDANT: ALDRIN DIAZ



# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | $0.00 | $0.00 |

[ ] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| TOTALS: | | | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement. $________

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ ] the interest requirement is waived for the [ ] fine and/or [ ] restitution.

[ ] the interest requirement for the [ ] fine and/or [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [✔] Lump sum payment of $100.00 due immediately, balance due

[ ] not later than _, or
[ ] in accordance with [] C, [] D, or [] E below; or

B [ ] Payment to begin immediately (may be combined with [] C, [] D, or [] E below), or

C [ ] Payment in _ installments of $_ over a period of _, to commence _ after the date of this judgment; or

D [ ] Payment in _ installments of $_ over a period of _, to commence _ after release from imprisonment to a term of supervision; or

E [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3 )restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

CASE NUMBER: 1:00CR00075-01L 
DEFENDANT: ALDRIN DIAZ

## STATEMENT OF REASONS

(NOT FOR PUBLIC DISCLOSURE)

[✔] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 20

Criminal History Category: VI

Imprisonment Range: 70 to 87 months

Supervised Release Range: 2 to 3 years

Fine Range: $ 7,500.00 to $ 75,000.00

[✔] Fine is waived or is below the guideline range, because of inability to pay.

Total Amount of Restitution: $ 0

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offences committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

CASE NUMBER: **1:00CR00075-01L**
DEFENDANT: **ALDRIN DIAZ**



## STATEMENT OF REASONS
(NOT FOR PUBLIC DISCLOSURE)

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

---

**OR**

[✔] The sentence departs from the guideline range:

[ ] upon motion of the government, as a result of defendant's substantial assistance.

[✔] for the following specific reason(s):
**Court departed upwards 2 levels under Section 4A1.3 of the Guidelines (Adequecy of Criminal History category) and upwards 2 additional levels under Section 5K2.1 (Death Resulting)**